**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALDINE HILT, as Wrongful Death Heir, and as Successor-in-Interest to Robert Hill, Deceased, | No.    15-17301 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-02367-CRB |
| v. | MEMORANDUM[*] |
| FOSTER WHEELER, LLC, FKA Foster Wheeler Corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted April 19, 2017
San Francisco, California

Before:  PAEZ and IKUTA, Circuit Judges, and BOLTON,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Plaintiff Geraldine Hilt (Plaintiff) appeals the district court's order granting summary judgment in favor of defendant Foster Wheeler, LLC (Foster Wheeler). We have subject matter jurisdiction under 28 U.S.C. § 1291.

Taking the evidence in the light most favorable to Plaintiff, Charles Ay's expert opinion (along with other evidence presented by Plaintiff) was sufficient to create a genuine issue of material fact as to whether Robert Hilt was exposed to asbestos fibers from insulation supplied by Foster Wheeler. The district court erred in discounting Ay's expert testimony on the ground that he lacked personal knowledge of the ships, boilers, or insulation at issue. An expert may render an opinion based "on facts or data . . . that the expert has been made aware of," Fed. R. Evid. 703, and may render an opinion that is "not based on firsthand knowledge or observation." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993); *see also Doe v. Cutter Biological, Inc.*, 971 F.2d 375, 385 n.10 (9th Cir. 1992). Ay's opinion that the boilers on the U.S.S. Bradley and U.S.S. Constellation were manufactured by Foster Wheeler, that the insulation supplied by Foster Wheeler for those boilers contained asbestos, and that at least some of the original asbestos-containing insulation was present in those boilers at the time Hilt was exposed to insulation dust was based on Ay's specialized knowledge, *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000), his extensive experience with asbestos-

2

containing materials in Naval ships, and facts and data in the record sufficient to support his opinion. Ay's opinion was neither speculative nor inadmissible under Rule 702 of the Federal Rules of Evidence. Therefore, the district court erred in granting Foster Wheeler's motion for summary judgment on Plaintiff's negligence and products-liability claims on the ground that no reasonable jury could conclude from the evidence that Hilt was exposed to asbestos from insulation manufactured or supplied by Foster Wheeler.

The district court did not determine whether there was a genuine issue of material fact that Hilt's alleged exposure to asbestos-containing boiler insulation was a "substantial contributing factor in causing his injuries," *McIndoe v. Huntington Ingalls Inc.*, 817 F.3d 1170, 1174 (9th Cir. 2016), and we decline to address this issue in the first instance. Accordingly, we vacate the order granting summary judgment and remand to the district court to consider any remaining grounds in Foster Wheeler's motion for summary judgment.

Each party shall bear its own costs on appeal.

**VACATED AND REMANDED.**